**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

N.S.P.,

Petitioner,

v. CASE NO.: 7:26-CV-218 (LAG)

DAVID PAULK, *et al.*,

Respondents.

**ORDER**

On August 12, 2026, the Court issued an Order on Petitioner's Motion for Order to Show Cause (Doc. 3) and Petition (Doc. 1). (Doc. 4). Therein, the Court ordered that Petitioner be granted a bond hearing but failed to include specific language regarding requirements of said hearing. (*Id.*). On August 28, 2026, Petitioner filed an Emergency Motion to Enforce Judgment (Doc. 5), requesting that the Court "enforce or clarify or modify its August 12, 2026 Order granting his petition under 28 U.S.C. § 2241 and directing Respondents to provide an individualized bond hearing" and, "alternatively, "to grant further habeas relief." (*Id.* at 1). This Order amends the August 12, 2026 Order (Doc. 4) to address the deficiency in the Court's Order.

The Court may apply Rule 4 of the Rules Governing § 2254 cases in this action. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254]."). Under Rule 4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." § 2254 Rule 4. Applying Rule 4, the Court issues the following order.

This case appears to involve the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No.

4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). In those cases, the Court concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; *P.R.S.*, 2025 WL 3269947, at *1–*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2; *see Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1281 (11th Cir. 2026) (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States, but are 'seeking admission' at the border").

Based upon the rationale of *J.A.M.* and *P.R.S.*, Respondents in this action are hereby **ORDERED** to provide Petitioner with a bond hearing within **SEVENTY-TWO (72) HOURS** to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. The bond hearing shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk.[1] *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020).

Once such a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal.

**SO ORDERED**, this 14th day of October, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[1] The Court notes that Petitioner previously received a bond hearing before an Immigration Judge. (*See* Doc. 5.). However, the burden of establishing by clear and convincing evidence that Petitioner was neither a danger to the community nor a flight risk was placed on Petitioner. *See, e.g. D.Y.E.H. v. Warden, Irwin Detention Center*, 839 F.Supp.3d 1170, 1184 (M.D. Ga. 2026) (ordering a second bond hearing where the burden of proof was misplaced on Petitioner during a prior bond hearing).